**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SARAH SORG; and MAURA WAHL, ) <br> ) <br> Plaintiffs; ) <br> ) <br> vs. ) <br> ) <br> COMMON PLEA CATERING, INC., *et al.*, ) <br> ) <br> Defendants. ) | 2:24-cv-157 |

## ORDER

Plaintiffs Sarah Sorg and Maura Wahl were employed by Defendant Common Plea Catering, Inc., a restaurant and catering company. Ms. Sorg was hired in April 2022 as Director of Business Development and Marketing, and was terminated on November 9, 2022. ECF 47. Ms. Wahl worked for Common Plea Catering from 2009 to 2012, and then from July 2018 through her termination on November 18, 2022, ultimately serving as the Director of Human Resources. ECF 44. The decisions to terminate Ms. Sorg and Ms. Wahl were made by Common Plea's CEO, Defendant Beau Barsotti.

The crux of this case centers around the conduct of and remarks made by Common Plea Catering's Chief Operating Officer—Defendant Stephen Musciano—Ms. Sorg's and Ms. Wahl's supervisor. Both Plaintiffs claim that Mr. Musciano treated female employees poorly, made disparaging comments about them and other female employees, and made fun of their disabilities (Ms. Sorg suffers from an arteriovenous malformation (AVM) and seizure disorder, and Ms. Wahl has PTSD resulting from her service in Afghanistan). Plaintiffs claim that changes in their job responsibilities and ultimately their terminations resulted from the improper treatment of Mr. Musciano.

Plaintiffs Sarah Sorg and Maura Wahl each brought 14 claims (ECF 17) under Title VII, the ADA, and the Pennsylvania Human Relations Act ("PHRA")[1] for discrimination, retaliation, a hostile work environment, and a failure to accommodate against all Defendants. Before the Court is Defendants' motion for summary judgment against both Ms. Sorg and Ms. Wahl (ECF 37). The Court will GRANT in part and DENY in part Defendants' motion.[2]

The Court will grant judgment in Defendants' favor on the following claims:

### I. Counts I, II, II, & IV brought by Ms. Wahl

Ms. Wahl's claims under Counts I, II, III, & IV allege sex discrimination and retaliation in violation of Title VII and the PHRA. For both discrimination and retaliation claims, part of Ms. Wahl's burden in her prima facie case is to show an adverse employment action. *See Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013); *Woods v. AstraZeneca Pharms., L.P.*, 659 F. Supp. 3d 512, 541–42 (M.D. Pa. 2023). If Ms. Wahl can demonstrate a prima facie case of either sex discrimination or retaliation, then the burden shifts to Defendants to demonstrate a legitimate reason for the adverse employment action. *See Burton*, 707 F.3d at 426; *Woods*, F. Supp. 3d at 539. If Defendants present a legitimate reason, Ms. Wahl would then need "to provide evidence from which a factfinder could reasonably infer that the

---

[1] The PHRA claims all mirror Plaintiffs' federal claims. That is, where Plaintiffs brought a claim for sex discrimination under Title VII, they also brought a claim for sex discrimination under the PHRA. The parties in their briefs treat the analyses the same for the state claims as they do for the federal claims. *See, e.g.*, ECF 41 at 25. The Court does the same.

[2] In addition to Common Plea Catering, Plaintiffs name several other entities as Defendants: Common Plea Catering 2, Common Plea Catering 3, Common Plea Catering 5 and Beau Hospitality Group, Inc. Defendants argue that these are extraneous defendants who did not employ Plaintiffs, and so should dismissed from the case. ECF 38. Plaintiffs don't advance any argument on this issue, and so would appear to concede that there's no factual/legal dispute here. The Court will grant judgment for these three Defendants on all counts.

employer's proffered justification is merely a pretext for discrimination." *Burton*, 707 F.3d at 426.

The Court finds that Ms. Wahl has failed to meet her burden under the law. She has failed to demonstrate an adverse employment action in some instances, such as her change in reporting status. *See Homel v. Centennial Sch. Dist.*, 836 F. Supp. 2d 304, 324 (E.D. Pa. 2011) (noting that the change in reporting structure was not an adverse employment action); ECF 40-18, 176:4-177:19. She has also failed to demonstrate pretext for Defendants' legitimate reason for termination (discovering communications where Ms. Wahl disparaged co-workers and discussed the possibility of creating fake, negative reviews of the company). ECF 44, pp. 29-30; ECF 40-13, 262:2-25; ECF 40-18, 181:21-183:25; ECF 40-12, pp. 28-29. Summary judgment is appropriate for Counts I, II, III, & IV brought by Ms. Wahl.

## II.    Counts V & VI brought by both Plaintiffs

Both Plaintiffs under Counts V & VI allege a hostile work environment in violation of Title VII and the PHRA. To prove a hostile work environment claim, Plaintiffs would need to show that discrimination because of their sex was "severe or pervasive" enough to "unreasonably interfere[] with [their] work performance." *Nitkin v. Main Line Health*, 67 F.4th 565, 570 (3d Cir. 2023) (cleaned up). Neither Plaintiff has demonstrated that here.

Though unprofessional, none of Mr. Musciano's comments or his alleged instances rise to the level of "severe or pervasive" toward either Plaintiff. *See, e.g.*, *Nitkin v. Main Line Health*, 67 F.4th 565, 572 (3d Cir. 2023) (finding that seven sexual and obnoxious comments were not sufficiently severe); *Bishop v. Nat'l R.R. Passenger Corp.*, 66 F. Supp. 2d 650, 664 (E.D. Pa. 1999) (finding that even frequent inappropriate behavior "with no physical touching or threats and no sexual overtones, cannot meet the objective test for detrimental effect"). Even in the light most favorable to Plaintiffs, the evidence does not demonstrate that the alleged conduct

sufficiently altered the conditions of their employment to arise to a viable hostile work environment claim. Summary judgment is appropriate for Counts V & VI brought by both Plaintiffs.

### III.   Counts VII & VIII brought by Ms. Sorg

Ms. Sorg's claims under Counts VII & VIII allege disability retaliation in violation of the ADA and PHRA. Ms. Sorg would need to demonstrate "a causal connection between [her] protected activity and [her] employer's adverse action." *Steed v. Geisinger Health*, No. 22-1773, 2025 WL 2101963, at *14 (M.D. Pa. July 25, 2025) (cleaned up). Ms. Sorg has failed to do so here. Even assuming that some of Ms. Sorg's conduct constituted protected activity (*e.g.*, reporting Mr. Musciano's disparaging comments, taking time off because of a seizure, asking Mr. Musciano and Mr. Barsotti to stop making fun of co-worker's brain tumor), the timing of her demotion or termination is not unduly suggestive of retaliation. *See Wright v. Providence Care Ctr.*, LLC, 822 F. App'x 85, 95 (3d Cir. 2020). Summary judgment is appropriate for Counts VII & VIII brought by Ms. Sorg.

### IV.   Counts IX, X, XI, & XII brought by both Plaintiffs

Both Plaintiffs under Counts IX, X, XI, & XII allege disability discrimination and a hostile work environment in violation of the ADA and PHRA. The evidence does not support Plaintiffs' claims here.

Under a disability discrimination claim, Plaintiffs would have to first show that their employer "subjected [them] to an adverse employment action . . . because of [their] disability[ies]." *Matthews v. New Light, Inc.*, No. 22-427, 2022 WL 11966542, at *3 (W.D. Pa. Oct. 20, 2022). Like with a Title VII discrimination claim, Plaintiffs would have to show that any of Defendants' legitimate reasons for the adverse employment action is pretext. Ms. Sorg has failed to demonstrate that her disabilities caused any adverse action against her. Ms. Wahl has a similar problem

as with her Title VII discrimination claims, as she cannot show that Defendants' reasoning for terminating her is pretext.

Under an ADA hostile work environment claim, Plaintiffs would have to show disability-based harassment "sufficiently severe or pervasive to alter the conditions of [their] employment and to create an abusive working environment." *Hatch v. Franklin Cnty.*, 755 F. App'x 194, 202 (3d Cir. 2018) (cleaned up).  Like with their Title VII hostile work environment claims, neither Plaintiff has shown harassment severe or pervasive enough to alter conditions of their employment.

Summary judgment is appropriate for Counts IX, X, XI, & XII brought by both Plaintiffs.

*****

The Court will allow the following claims to survive summary judgment:

### V.     Counts I, II, III, & IV brought by Ms. Sorg

Ms. Sorg's claims under Counts I, II, III, & IV allege sex discrimination and retaliation in violation of Title VII and the PHRA.  The two underlying actions driving her claims are her termination and the removal of her HR responsibilities.

Her claims based on her termination will not survive summary judgment.  Ms. Sorg has failed to demonstrate that Defendants' legitimate reasons for terminating her are pretext (a financial restructuring and decrease in spending due to revenue losses).  ECF 47, p. 17; ECF 38, p. 25.

But her claims based on the removal of her HR responsibilities survive judgment.  The Court finds that based on the record of disparaging comments from Mr. Musciano and communication between Mr. Musciano, Mr. Barsotti, and Ms. Sorg, a jury could conclude that Mr. Musciano's discrimination proximately caused the removal of Ms. Sorg's HR duties.  Counts I, II, III, & IV brought by Ms. Sorg survive summary judgment.

### VI. Counts VII & VIII brought by Ms. Wahl

Ms. Wahl's ADA and PHRA retaliation claims also survive summary judgment. In the light most favorable to Ms. Wahl, the evidence shows that she told Mr. Musciano she could not deliver a requested file one afternoon because of a scheduled therapy appointment, and as a result, the next day she received additional tasks beyond her normal job responsibilities on 5-10 occasions. ECF 40-18, 110:8-22, 112:17-115:25, 237:2-10. A jury could find retaliation under the ADA and PHRA based on these facts. Counts VII & VIII brought by Ms. Wahl survive summary judgment.

### VII. Counts XIII & XIV brought by both Plaintiffs

Plaintiffs both bring claims under Counts XIII & XIV for a failure to accommodate under the ADA and PHRA. Both of their claims survive summary judgment here.

"A plaintiff bringing an ADA failure-to-accommodate claim must establish: "(1) [s]he was disabled and [her] employer knew it; (2) [s]he requested an accommodation or assistance; (3) [her] employer did not make a good faith effort to assist; and (4) [s]he could have been reasonably accommodated." *Capps v. Mondelez Glob., LLC*, 847 F.3d 144, 157 (3d Cir. 2017) (cleaned up). Ms. Sorg's claims survive based on the facts that she told Mr. Musciano that she could not drive late at night for a work trip because it could trigger a seizure and Mr. Musciano responded "well, we didn't hire a princess," leaving her to make the drive. ECF 40-17, 124:11-126:16. Ms. Wahl's claims survive because Mr. Musciano arguably obstructed Ms. Wahl's previously granted accommodation by instructing her to deliver the file despite knowing about her scheduled therapy appointment. ECF 42, p. 36. Counts XIII & XIV brought by both Plaintiffs survive summary judgment.

*****

The Court HEREBY GRANTS in part and DENIES in part Defendants' motion for summary judgment as described above.

DATED this 15th day of January, 2026.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge
